No. 87-184

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

DARRYL GEORGE MEYER,

Petitioner and Appellant,

-vs-

STATE OF MONTANA,

Respondent.

_____

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hoyt & Blewett; John C. Hoyt, Great Falls, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Barbara Claassen, Asst. Atty. General, Helena
Patrick L. Paul, County Attorney, Great Falls, Montana
Jeff McAllister & Tammy Plubell, Deputy County Attys.

_____

Submitted on Briefs: Aug. 20, 1987

Decided: November 20, 1987

Filed: NOV 20 1987

_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Petitioner Darryl George Meyer appeals his driver's license suspension pursuant to Montana's implied consent law, § 61-8-402, MCA. We affirm.

On March 8, 1987 Montana Highway Patrolman Cal Wylie observed a vehicle driving erratically near the Beacon Bar in Cascade County, Montana. Patrolman Wylie pulled the vehicle over and approached the driver. Wylie testified that he informed appellant Darryl Meyer that Meyer appeared to be under the influence of alcohol. Wylie then offered Meyer a ride home. Meyer accepted.

Approximately one hour later, Wylie again saw Meyer driving his vehicle near the Beacon Bar. Wylie arrested Meyer for driving under the influence of alcohol (DUI). Meyer was taken to the Great Falls Police Station.

At the police station, Wylie read Meyer the Montana Implied Consent Law Advisory Form. Meyer indicated that he understood the implied consent form. However, appellant Meyer requested that he call "a friend" prior to taking the breath test. Patrolman Wylie responded that Meyer could not make a phone call before finishing "the paperwork". At trial Wylie testified that paperwork actually meant completion of Meyer's DUI arrest. After Wylie denied Meyer's request to call a friend, Meyer refused to take a breath alcohol test.

Patrolman Wylie seized appellant's driver's license and the Montana Department of Justice suspended Meyer's license pursuant to § 61-8-402, MCA, which provides in pertinent part:

> Chemical blood, breath, or urine tests. (1) Any person who operates a vehicle upon ways of this state open to the public shall be deemed to have given consent . . . to a chemical test of his blood, breath, or urine for the purpose of

2

determining the alcoholic content of his blood if arrested by a peace officer for driving or in actual physical control of a vehicle while under the influence of alcohol.

. . .

(3) If a resident driver under arrest refuses upon the request of a peace officer to submit to a chemical test designated by the arresting officer as provided in subsection (1) of this section, none shall be given, but the officer shall, on behalf of the department, immediately seize his driver's license. The peace officer shall forward the license to the department, along with a sworn report that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol and that the person had refused to submit to the test upon the request of the peace officer. Upon receipt of the report, the department shall suspend the license for the period provided in subsection (5).

. . .

(5) The following suspension and revocation periods are applicable upon refusal to submit to a chemical test:

(a) upon a first refusal a suspension of 90 days with no provision for a restricted probationary license;

. . .

On March 16, 1987 appellant Meyer successfully petitioned the District Court to restore his driving privileges pending hearing. Following a May 11, 1987 hearing, the District Court ordered that Meyer's driver's license be suspended for 90 days. Meyer appeals the order of the District Court.

ISSUE 1

Did the District Court err when it held that Meyer refused to take a breath test?

Appellant Meyer contends that he did not refuse to take a breath test. Appellant argues that substantial credible evidence does not support the findings of the District Court that Meyer refused to take a breath test.

The following conversation occurred at the Great Falls Police Station between Meyer and Patrolman Wylie:

OFFICER: ...Do you understand what I have read to you, Mr. Meyer?

MEYER: Yes.

OFFICER: Would you like to take a breath test for me?

MEYER: Well, can I call a -- call a friend of mine?

OFFICER: For what?

MEYER: For - I want to ask him a question.

OFFICER: What -- what does that have to do with taking a breath test?

MEYER: Well I just want to call him.

OFFICER: Well, I'll tell you what. You can call him after we are done with the paperwork. I have to know right now whether or not you want to take a breath test.

MEYER: No. I don't want to take the breath test right now, but I will call this person and I'll maybe take it then.

OFFICER: Why would you have to call somebody to find out whether or not you are going to take the breath test? I'm confused.

MEYER: Well can't I make a telephone call?

OFFICER: When we are finished with the paperwork you can --

MEYER: --okay--

OFFICER: -make as many telephone calls as you want. But I do need to know right now whether you will take a breath test.

MEYER: No.

OFFICER: Okay. You realize that I am going to seize your Montana Driver's License...(inaudible)

MEYER: Yes. [Emphasis added.]

Previously we held that a defendant who repeatedly requested to speak with an attorney after being asked to submit to a breath test refused by implication to take the test. Johnson v. Division of Motor Vehicles (Mont. 1985), 711 P.2d 815, 817, 42 St.Rep. 2045. In the case at hand, appellant Meyer requested to call a friend after being asked to consent to a breath test. Appellant was told by Patrolman Wylie that he could not call his friend prior to taking the breath test. Appellant Meyer then refused to take the breath test. Meyer's response constitutes a refusal under Johnson v. Division of Motor Vehicles, 711 P.2d at 817, 42 St.Rep. at 2048. The District Court properly held that Meyer refused to submit to a breath test pursuant to § 61-8-402, MCA.

ISSUE 2

Was appellant Meyer prejudiced when Patrolman Wylie failed to instruct appellant that he had no right to counsel prior to taking the breath test?

A person arrested for DUI is deemed to have consented to take a breath test as a matter of law. Section 61-8-402,

5

MCA. Results of a breath test are not self-incriminating. South Dakota v. Neville (1983), 74 L.Ed.2d 748, 103 S.Ct. 916, 459 U.S. 553. Prior to taking a breath test, a defendant has no right to counsel. State v. Armfield (Mont. 1984), 693 P.2d 1226, 1229, 41 St.Rep. 2430, 2433; Art. II, Section 24, 1972 Mont. Const. A breath test does not constitute a "critical stage event." Therefore, no right to counsel exists. Armfield, 693 P.2d at 1230, 41 St.Rep. at 2433, citing United States v. Wade (1967), 388 U.S. 218, 87 St.Ct. 1926, 18 L.Ed.2d 1149.

Patrolman Wylie informed Meyer that he could not call his friend prior to taking a breath test. In doing so, Wylie effectively told Meyer that he could not speak to his friend, attorney or any other person. If arguendo, Wylie had told appellant Meyer that he had no right to speak to an attorney, the results would have been the same. Appellant Meyer would have been forced to decide without assistance whether he wished to take a breath test. That result is exactly what happened.

Appellant has not challenged our holding in Armfield or § 61-8-402, MCA. Nor has appellant presented this Court with evidence of prejudice. The District Court did not err when it held that appellant was not prejudiced by Patrolman Wylie's failure to instruct Meyer that he had no right to counsel. Accordingly, we hold that appellant's driver's license was properly suspended.

Affirmed.

_____
Chief Justice

We concur:

_John Conway Harrison_

_John C. Sheehy_

_William E. Hunt_

_R. C. McDonough_
Justices