No. 93-179

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

In the Matter of the Suspension
of the Driver's License of
CHARLES A. BLOMEYER,

      Petitioner and Appellant,

STATE OF MONTANA

      Respondent and Respondent.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Randy S. Laedeke, Laedeke Law Office, Billings,
Montana   ,

      For Respondent:

         Hon. Joseph P. Mazurek, Attorney General, Brenda
Nordlund, Assistant Attorney General, Helena,
Montana; Dennis Paxinos, Yellowstone County
Attorney, Brent Brooks, Deputy County Attorney,
Billings, Montana

FILED

MAR 29 1994

Filed: Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: February 24, 1994

Decided: March 29, 1994

_____
Clerk

**Justice** James C. Nelson delivered the Opinion of the Court.

This is an appeal from a Thirteenth Judicial District Court ruling on a petition for judicial review of the suspension of Charles Blomeyer's (Charles) driver's license for refusal to submit to a breath test under the implied consent law. The District Court determined that the suspension of Charles' driver's license and driving privileges would remain in effect until the appropriate suspension period expired pursuant to § 61-8-402(5), MCA. We affirm.

There are two issues on appeal which we state as follows:

1. Does a police officer have an affirmative duty to advise a driver that he does not have the right to counsel before he decides whether to submit to a test of his blood alcohol content?

2. Does the "confusion doctrine" apply in the instant case?

Background

Charles was stopped for suspicion of driving under the influence on December 20, 1992, in Billings, Montana. He was taken to the Yellowstone County Detention Facility and was asked to perform the standard field sobriety tests while being filmed on videotape.

Charles had considerable difficulty performing the field sobriety tests. Following these tests, the officer read and explained the implied consent law advisory form to him. During the reading of the implied consent form, Charles repeatedly asked to speak to an attorney. The police officer informed him that when he (the officer) finished reading the implied consent form and

2

Charles' _Miranda_ rights, the appellant could call for an attorney.

At the conclusion of the reading of the informed consent form, the officer asked Charles if he wanted to submit to a test of his blood alcohol content (BAC test). Charles replied, "Not at this moment." The officer then read Charles his _Miranda_ rights. Following the reading, he gave Charles a telephone and a telephone book and allowed him to call an attorney. The officer noted Charles' request for an attorney as a refusal to submit to a breath test with the result that his driver's license and driving privileges were suspended for 90 days, pursuant to § 61-8-402(5), MCA.

Charles petitioned the Thirteenth Judicial District Court, pursuant to § 61-8-403, MCA, for a review of the decision to suspend his driver's license and driving privileges for 90 days. The court heard Charles' testimony, viewed the videotape of the field sobriety tests, the reading and explanation of the implied consent form and the reading of the _Miranda_ rights. Counsel were also allowed to file briefs.

The District Court found that Charles had refused to submit to a BAC test even though he knew that his license would be seized upon a refusal to submit to the test. The District Court concluded that Charles' driver's license had been properly suspended.

### Pertinent Statute

Section 61-8-402, MCA, the statute under which Charles' driver's license was suspended, provides in pertinent part:

> Blood, breath, or urine tests. (1) Any person who operates or is in actual physical control of a vehicle

upon ways of this state open to the public shall be deemed to have given consent, subject to the provisions of 61-s-401, to a test of his blood, breath, or urine for the purpose of determining any measured amount or detected presence of alcohol in his body if arrested by a peace officer for driving or for being in actual physical control of a vehicle while under the influence of alcohol, drugs, or a combination of the two. The test shall be administered at the direction of a peace officer having reasonable grounds to believe the person to have been driving or in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol, drugs, or a combination of the two. The arresting officer may designate which test or tests shall be administered.

. .

(3) . If a driver under arrest refuses upon the request of a peace officer to submit to a test designated by the arresting officer as provided in subsection (1), none shall be given, but the officer shall, on behalf of the department, immediately seize his driver's license. The peace officer shall forward the license to the department, along with a sworn report that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol, drugs, or a combination of the two, and that the person had refused to submit to the test upon the request of the peace officer. Upon receipt of the report, the department shall suspend the license for the period provided in subsection (5).

. .

(5) The following suspension and revocation periods are applicable upon refusal to submit to a test:
(a) upon a first refusal, a suspension of 90 days with no provision for a restricted probationary license.
. . .

Right to Counsel

Does a police officer have an affirmative duty to advise a driver that he does not have the right to counsel before deciding whether to submit to a BAC test?

Initially, we reiterate that a driver has no right to counsel before he must decide whether to submit to a BAC test. State v. Armfield (1984), 214 Mont. 229, 693 P.2d 1226. Secondly, we

4

reaffirm that a continual request to speak to an attorney before submitting to a **BAC test is** deemed a refusal to take the test. Johnson v. Division of Motor Vehicles (1985), 219 Mont. 310, 711 P.2d 815.

The difference between the driver in Johnson and the driver in the instant case is that in Johnson, the police officer informed the driver that he had no right to counsel during the breath test. Here, Charles was not so informed, and hence, there is raised the question of whether a police officer has an affirmative duty to inform the driver that he has no right to counsel before deciding whether to submit. to a BAC test.

We turn to a prior Montana case for guidance in resolving this issue. In Meyer v. State (1987), 229 Mont. 199, 745 P.2d 694, the appellant was stopped for suspicion of driving under the influence. After being taken to the Great Falls police station and after being read the implied consent law advisory form, the driver requested that he be able to call a friend prior to taking the breath test. The police officer informed him that he could make as many telephone calls as he wanted, but first, he would have to tell the officer whether he would submit to the breath test. The appellant stated that he would not submit to the test and his license was subsequently suspended.

In affirming the **District** Court in Meyer, we concluded that the appellant had to decide without assistance from anyone whether to take a breath test. We stated:

> Patrolman Wylie informed Meyer that he could not call his friend prior to taking a breath test. In doing

5

so, Wylie effectively told Meyer that he could not speak to his friend, attorney or any other person. If arguendo, Wylie had told appellant Meyer that he had no right to speak to an attorney, the results would have been the same. Appellant Meyer would have been forced to decide without assistance whether he wished to take a breath test. That result is exactly what happened.

Appellant has not challenged our holding in Armfield or § 61-S-402, MCA. Nor has appellant presented this Court with evidence of prejudice. The District Court did not err when it held that appellant was not prejudiced by Patrolman Wylie's failure to instruct Meyer that he had no right to counsel. Accordingly, we hold that appellant's driver's license was properly suspended.

Meyer, 745 P.2d at 696. (Emphasis added.)

In the same manner, Charles was not prejudiced by the police officer's failure to inform him that there is no right to counsel before a driver decides whether to submit to a BAC test. The same result would have obtained if the police officer had instructed Charles that he had no right to counsel. Charles still would have had to decide without assistance, whether to submit to a BAC test. Meyer, 745 P.2d at 696. Since a failure to inform a driver that he does not have a right to counsel prior to deciding whether to take a BAC test does not prejudice the driver's rights, we hold that there is no affirmative duty on the part of a police officer to inform a driver that he has no right to counsel before deciding whether to submit to a BAC test.

Confusion Doctrine

Does the "confusion doctrine" apply in the instant case?

Charles argues that the police officer should have informed him that his constitutional right to counsel did not apply to the implied consent request. Charles also maintains that he thought he had a right to counsel before deciding whether to submit to a BAC

6

test, and that because of his confusion, his refusal to submit to a BAC test should be excused. The State counters that the "confusion doctrine" which Charles attempts to implicate here, does not apply to the present case. We agree.

> The 'confusion doctrine' provides that when an arresting officer introduces the question of a drunken-driving suspect's right to counsel by giving a <u>Miranda</u> warning prior to requesting a chemical test, the suspect's subsequent refusal to take a test until an attorney is consulted may not constitute a 'refusal to submit' to a chemical test.

Ehrlich v. Backes (N.D. 1991), 477 N.W.2d 211, 213. A number of states have adopted the "confusion doctrine," and Charles urges this Court to, likewise, adopt that rule. See Rust v. Department of Motor Vehicles Div. of Driver's Lic. (Cal. Ct. App. 1968), 267 Cal. App. 2d 545, 73 Cal. Rep. 366; State Department of Highways v. Beckey (Minn. 1971), 192 N.W.2d 441; and State v. Severino (Haw. 1975), 537 P.2d 1187.

Whether we determine to adopt the rule in some future case, the facts here do not warrant the application of the doctrine. The confusion doctrine applies only when <u>Miranda</u> rights are given <u>prior to</u> or <u>contemporaneously with</u> a driver being advised of his rights and obligations under the implied consent law. The "confusion" is caused by informing the driver via his <u>Miranda</u> rights that he has a <u>right to counsel</u> and <u>then</u> asking him to take a BAC test under the implied consent law. It is recognized that this situation could easily confuse a driver and mislead him to believe he has the right to an attorney before he decides whether to submit to a BAC test. <u>Beckey</u>, 192 N.W.2d at 445; <u>Severino</u>, 537 P.2d at 1190.

In the instant case, the police officer first informed Charles of his rights and obligations under the implied consent law. Charles then refused to take the breathalyzer test before his Miranda rights were even read. Because his Miranda rights were read after the implied consent form was read and after Charles refused to submit to a BAC test, there is no likelihood that he confused his right to counsel under Miranda, with his rights and obligations under the implied consent law. In short, having already refused the BAC test, Charles could not have been mislead by the subsequent reading of his Miranda rights into thinking that he had a right to counsel before deciding whether to take the BAC test.

Charles refused to submit to the BAC test and has not brought his case within the application of the "confusion doctrine." Accordingly, we hold that the District Court correctly denied Charles' petition for reinstatement of his driver's license.

AFFIRMED.

_____
Justice

We Concur:

_____
John Conway Harrison

_____
William E. Hunter

_____
Terry Trieweiler

_____
Justices

8

March 29, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Randy S. Laedeke, Esq.
Laedeke Law Office
P.O. Box 2216
Billings, MT 59103

Hon. Joseph P. Mazurek
Attorney General
Justice Bldg.
Helena, MT 59620

Dennis Paxinos, County Attorney
Brent Brooks, Deputy
P.O. Box 35025
Billings, MT 59107

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy