**Reversed and Rendered and Opinion filed April 18, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00506-CV

---

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

### V.

### JENNY KATHRYN BRUCE, Appellee

---

**On Appeal from the County Court at Law No. 3
Bexar County, Texas
Trial Court Cause No. 2022CV04045**

---

### OPINION

In this driver's license suspension case, the Texas Department of Public Safety (DPS) appeals a judgment granted in favor of Jenny Kathryn Bruce on the grounds that: (1) Texas does not recognize the *Miranda* Confusion Doctrine; (2) Bruce cannot avail herself of the doctrine even if it were recognized because she did not request an attorney before refusing to submit to a breath test; and (3) the Administrative Law Judge's finding is supported by substantial evidence. We reverse and render judgment reinstating the license revocation.

## BACKGROUND

On February 20, 2022, a Fair Oaks Ranch Police Officer stopped Bruce for a traffic violation after observing her vehicle fail to maintain a single lane of travel and swerve over the lane markers several times. After conducting field sobriety tests, the officer arrested Bruce and gave her DWI statutory warnings. *See* Tex. Transp. Code § 724.015. Because Bruce declined the officer's request to give a breath specimen, she was served with a notice of license suspension. Following a hearing, the Administrative Law Judge (ALJ) ordered Bruce's driver's license suspended. In the administrative hearing Bruce asserted via affidavit that she was confused by the DWI statutory warnings because another officer also read Bruce her *Miranda* warnings before Bruce refused the breath test. Bruce asserted that she believed that the *Miranda* rights gave her the right to refuse the breath test without consequences. Bruce did not assert her *Miranda* rights at the time of her arrest. Bruce appealed that decision to the County Court at Law, which set aside the order of suspension. DPS appeals the judgment of the County Court at Law.

On August 23, 2022 the ALJ held a hearing on the suspension of Bruce's driver's license. At the hearing Officer Hayden Griffiths of the Fair Oaks Ranch Police Department testified that he stopped Bruce's car after observing a traffic violation. When he approached Bruce's car, he noticed an odor of an alcoholic beverage. Griffiths asked Bruce to perform field sobriety tests, and based on her poor performance of those tests, he arrested her for DWI. Another Fair Oaks Ranch police officer, Amanda Hinojosa, arrived on the scene and read Bruce the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). After Hinojosa completed the *Miranda* warnings, Griffiths read Bruce the statutory warnings contained in a form known as the DIC-24. Among other things, the DIC-24 warnings notify an arrestee that if she refuses a breath or blood sample her driver's license

2

will be suspended for a period not to exceed 180 days. Neither Griffiths, nor Hinojosa, told Bruce that the *Miranda* rights did not apply to Bruce's decision to submit to a breath or blood sample. Bruce did not ask whether she had a right to an attorney or otherwise invoke any of her *Miranda* rights. Bruce did not testify at the administrative hearing, but her affidavit was admitted into evidence.

After the hearing, the ALJ ordered suspension of Bruce's driver's license and made the following findings of fact:

> 1. On 02/20/22, reasonable suspicion to stop or detain the Defendant existed in that a Texas peace officer observed Defendant's vehicle failing to maintain a single lane of travel several times by swerving and crossing over the lane markers multiple times on a Texas public roadway within the officer's jurisdiction. The officer initiated a traffic stop and made contact with Defendant.
>
> 2. On the same date, probable cause to arrest Defendant existed, in that probable cause existed to believe Defendant was operating a motor vehicle in a public place while intoxicated. In addition to the facts in No. 1:
>
> > • Defendant's eyes were bloodshot;
> >
> > • Defendant emitted the strong odor of intoxicants on her breath;
> >
> > • Defendant admitted drinking alcohol;
> >
> > • Defendant's speech was unsure and confused;
> >
> > • on the horizontal gaze nystagmus test, Defendant exhibited all six clues, swayed during the test, and had to be reminded multiple times to keep her head still;
> >
> > • on the walk-and-turn test, Defendant exhibited five of eight clues; and
> >
> > • on the one-leg stand test, Defendant exhibited three of four clues.
>
> 3. Defendant was placed under arrest and was properly asked to submit a specimen of breath or blood.
>
> 4. After being requested to submit a specimen of breath or blood, Defendant refused.

Bruce appealed the ALJ decision to the County Court at Law where neither party presented any additional evidence.

Following a non-evidentiary hearing, the County Court at Law vacated the ALJ's decision and reinstated Bruce's driver's license. Specifically, the county court found that "the arresting officers caused [Bruce] to refuse [the breath test] by mixing <u>Miranda</u> Rights with the DIC-24 Statutory Warning, in making her believe that those <u>Miranda</u> Rights applied to the Statutory Warning." DPS timely appealed the county court's order.

## ANALYSIS[1]

In three issues DPS challenges the trial court's order, asserting (1) Texas does not recognize the Confusion Doctrine; (2) even if Texas recognized the doctrine, Bruce did not present evidence of the defense; and (3) if the Confusion Doctrine applies, substantial evidence supports the ALJ's decision. Bruce did not file a responsive brief in this court.

## I.      Standard of Review and Applicable Law

On appeal of an administrative driver's license suspension to county court, review is based on the substantial evidence rule. *See* 1 Tex. Admin. Code § 159.37(d). In reviewing a decision under the substantial evidence rule, a court may not substitute its judgment for that of the state agency on the weight of the evidence. *See* Tex. Gov't Code § 2001.174. The court should reverse or remand the case for

---

[1] The Texas Supreme Court ordered the Fourth Court of Appeals to transfer this case to our court. *See* Tex. Gov't Code § 73.001. Under the Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3. We are unaware of any conflict between the Fourth Court of Appeals precedent and that of this court on any relevant issue.

further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*See* Tex. Gov't Code § 2001.174(2); *Tex. Dep't of Pub. Safety v. Guajardo*, 970 S.W.2d 602, 604–05 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Where there is substantial evidence that would support either affirmative or negative findings, the administrative order must stand, notwithstanding that the agency may have struck a balance with which the reviewing court might differ. *See Firemen's and Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984). The issue for the reviewing court is not whether the agency reached the correct conclusion, but whether there is some reasonable basis in the record for the action taken by the agency. *See Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). Substantial evidence requires only more than a mere scintilla, and may even preponderate against the decision of the agency. *See id*. at 131.

DPS asserts that Bruce did not prove to the county court that the ALJ's decision was arbitrary or capricious or not supported by substantial evidence. *See* Tex. Gov't Code § 2001.174(2)(E–F). Pursuant to section 2001.174, we review a legal determination by the ALJ de novo and review any findings of fact for support by substantial evidence. *Tex. Dep't of Pub. Safety v. Fecci*, 989 S.W.2d 135, 139 (Tex. App.—San Antonio 1999, pet. denied).

Bruce's license was suspended under section 724.035 of the Texas Transportation Code, putting four fact issues in question at the administrative hearing: (1) whether probable cause existed to stop or arrest the person; (2) whether probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated; (3) whether the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and (4) whether the person refused to submit to the taking of a specimen on request of the officer. Tex. Transp. Code § 724.042. The ALJ must find in the affirmative on each issue in order to suspend the defendant's license. *See* Tex. Transp. Code § 724.043.

In this case, the ALJ found all four factors in favor of suspension of Bruce's license. The county court stated that it believed the ALJ abused its discretion by not considering Bruce's claim of *Miranda* Confusion. Bruce did not dispute probable cause to stop her, or that she was placed under arrest and requested to submit to the taking of a breath specimen. The *Miranda* Confusion Doctrine asserted by Bruce addresses the fourth fact issue, i.e., whether the person refused the breath test.

## II.     The *Miranda* Confusion Doctrine

In DPS's first issue it asserts the trial court erred because Texas has not recognized the *Miranda* Confusion Doctrine as a defense to refusal of the breath test. We agree.

In Texas, a person arrested for DWI does not have the right to consult with counsel before deciding whether to submit to a breath test. *Griffith v. State*, 55 S.W.3d 598, 604 (Tex. Crim. App. 2001) ("Administering a breath-alcohol test to an arrestee after he has made a request for, but not received, the advice of counsel does not violate the Sixth Amendment right to counsel when a formal adversary proceeding has not yet been initiated, because the right has not attached."). The issue raised by Bruce at the administrative hearing and in the trial court is whether a DWI

6

suspect, who mistakenly believes she has a right to consult with counsel before deciding whether to take the breath test, is entitled to refuse the test with no consequences attached.

Bruce argued in the county court that she was in a state of confusion when she refused the breathalyzer test and that her refusal should be excused, as a matter of law, under the "Confusion Doctrine." Bruce contended that the police officers who arrested her did not explain to her why she could not invoke her *Miranda* rights before taking or refusing the breathalyzer test.

A few jurisdictions have recognized the Confusion Doctrine as a defense to license suspension or revocation, including Alaska, California, Colorado, Hawaii, Minnesota, Nebraska, New Jersey, North Dakota, and Pennsylvania. *See Kurecka v. State*, 67 So. 3d 1052, 1058 n.1 (Fla. Dist. Ct. App. 2010) (collecting cases). *See also Gentry v. State, Dep't of Justice, Motor Vehicle Div.*, 282 Mont. 491, 496, 938 P.2d 693, 696 (1997) (citing *Blomeyer v. State*, 264 Mont. 414, 418–19, 871 P.2d 1338, 1341 (1994)); *State v. Severino*, 56 Haw. 378, 537 P.2d 1187 (1975); *State Department of Highways v. Beckey*, 291 Minn. 483, 192 N.W.2d 441 (1971); and *Rust v. Department of Motor Vehicles, Div. of Driver's Lic.*, 267 Cal.App.2d 545, 73 Cal.Rptr. 366 (1968)). Under the Confusion Doctrine, when a police officer introduces the subject of a DWI arrestee's right to counsel by giving a *Miranda* warning prior to requesting a breath or blood test, the arrestee's subsequent refusal to take the designated test until an attorney is consulted might not constitute a "refusal to submit" to a breath or blood test. *Gentry*, 938 P.2d at 696.

In states that have adopted the Confusion Doctrine, courts require law enforcement officers to advise DWI suspects that the right to remain silent does not include the right to refuse to submit to a chemical test, or the right to prior consultation with an attorney. *See, e.g.*, *Calvert v. State, Dep't of Revenue, Motor*

*Vehicle Div.*, 184 Colo. 214, 218, 519 P.2d 341, 343 (1974) (citing *State v. Murray*, 8 Wash. App. 944, 509 P.2d 1003 (1973)). Those states have also determined that the question of "officer-induced confusion" is one of fact. *McDonnell v. Dep't of Motor Vehicles*, 45 Cal. App. 3d 653, 658, 119 Cal. Rptr. 804, 808 (Ct. App. 1975); *see also Goodman v. Orr*, 19 Cal.App.3d 845, 857, 97 Cal.Rptr. 226 (1971) (holding that lack of understanding engendered by partial intoxication does not affect the finality and effectiveness of refusal). Some of the states place the burden on the defendant motorist to show that they were in fact confused, *Severino*, 537 P.2d at 1190, while others require police officers to inform suspects who request a lawyer that the right to counsel does not apply to their decision to submit to breath testing. *See Commonwealth, Dep't of Transp. v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

Other states have not adopted the Confusion Doctrine. For example, in the State of Washington, as long as the defendant is advised that his refusal will lead to license suspension, the Confusion Doctrine does not apply. *See State v. Staeheli*, 102 Wash.2d 305, 685 P.2d 591 (1984). Illinois has likewise chosen not to adopt the Confusion Doctrine because the wording of the Illinois implied-consent statute does not require that a refusal to submit to a breath test be made with full knowledge of the defendant's rights and the possible consequences. *People v. Mucha*, 140 Ill.App.3d 788, 95 Ill.Dec. 42, 488 N.E.2d 1385 (1986). Similarly, Mississippi has decided not to adopt the Confusion Doctrine because its implied consent statute does not require a knowing refusal; confusion is immaterial as to the defendant's rights once implied consent is read. *Sheppard v. Miss. State Highway Patrol*, 693 So.2d 1326 (Miss. 1997).

Texas, likewise, has not adopted the Confusion Doctrine. In addressing a similar argument in a criminal case, the Court of Criminal Appeals noted that

preventing the collection of a breath sample because a defendant has requested counsel "would severely restrict police officers in the pursuit of lawfully collecting evidence of intoxication and . . . would do nothing to further protect the privilege against self-incrimination." *McCambridge v. State*, 712 S.W.2d 499, 506 (Tex. Crim. App. 1986). In *McCambridge*, the court addressed the question of whether police are forbidden from seeking a suspect's breath sample once the suspect has invoked her right to counsel under *Miranda*. *Id.* The court held that, "A rule that focuses on preventing collection of a breath sample, merely because a defendant has been informed of his right to have counsel present if he is interrogated, would severely restrict police officers in the pursuit of lawfully collecting evidence of intoxication and, more significantly, do nothing to further protect the privilege against self-incrimination." *Id.* In finding McCambridge lacked a remedy under *Miranda*, the court did not imply that a remedy would never be available to a suspect who was confused when faced with *Miranda* warnings and a breath-testing decision without the benefit of requested counsel. *Id.* at 507, n.18. The court explained, however, that the Texas statutory warnings do not require a police officer to inform a suspect that *Miranda* warnings do not apply to the breath-testing decision, and it would be inappropriate for the court to expand the statutory warnings absent legislative authority. *Id.*

As noted by the court in *McCambridge*, the implied-consent statute in Texas does not require police officers to advise persons arrested for DWI that the rights to counsel or to remain silent do not attach to their decision to submit to a breath test. Tex. Transp. Code § 724.015. The implied-consent statute establishes a presumption that those who have elected to enjoy the privilege of driving will, in turn, be required to submit to chemical testing if they are suspected of driving under the influence. The Confusion Doctrine is a judicially imposed rule that Texas has not adopted.

By reading the required statutory and *Miranda* warnings, the officers in this case did all that was necessary under Texas law. Under the relevant statutes, police officers are not required to inform arrested persons that having an attorney present is not an option in deciding whether to submit to a breath test, even where a defendant becomes confused after being told that one has a right to an attorney but is at the same time not allowed access to one. *Fecci*, 989 S.W.2d at 140 n.1. As the Court of Criminal Appeals recognized, the legislature is free to enlarge the statutory warnings and require police officers to inform a suspect that *Miranda* warnings do not apply to the breath-testing decision, but it would be inappropriate for this court to expand the statutory warnings absent legislative authority. *See McCambridge*, 712 S.W.3d at 507, n.18. We sustain DPS's first issue.[2]

## CONCLUSION

The judgment of the county court is reversed, and judgment is rendered that the order of the administrative court is reinstated.


/s/    Jerry Zimmerer
       Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

---

[2] Having sustained DPS's first issue we need not address its second and third issues.