No. 98-399

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 5

FAYE GREGORY WILLIAMS,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM: District Court of the Nineteenth Judicial District,

In and for the County of Lincoln,

Honorable Michael Prezeau, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

William A. Douglas, Douglas Law Firm, Libby, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Pamela P. Collins,

Assistant Attorney General, Helena, Montana

Bernard G. Cassidy, County Attorney; James B. Wheelis, Deputy County

Attorney, Libby, Montana

Submitted on Briefs: December 30, 1998

Decided: January 21, 1999

Filed:

No

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. In April, 1998, the Montana driver's license of Faye Gregory Williams was revoked under the implied consent law, § 61-8-402(4), MCA, based upon Williams's refusal to submit to a breath test to determine her blood alcohol concentration. The Nineteenth Judicial District Court, Lincoln County, upheld the revocation. Williams appeals. We affirm.**

**¶2. The issue is whether the District Court properly denied Williams's petition for reinstatement of her driver's license.**

**¶3. A Lincoln County sheriff's deputy stopped Williams at about 3:00 a.m. on April 19, 1998, based on his observation that she was operating her automobile in an erratic manner. Williams submitted to a preliminary alcohol screening test (PAST) at the scene, the results of which indicated that her blood alcohol concentration was above the statutory limit at which a driver is presumed to be under the influence. She was placed under arrest for driving under the influence (DUI) and was taken to the Eureka, Montana police station.**

**¶4. At the police station, the deputy read Williams the implied consent advisory form provided by the Montana Department of Justice. The advisory states that a person who refuses to take a blood alcohol concentration (BAC) test when asked to do so by an arresting officer will lose his or her driver's license for six months, or for a year if that person has refused a test within the past five years. The advisory further states that a person has a right to obtain an independent blood test but does not have a right to speak to an attorney before deciding whether to take the test. In response to the officer's repeated attempts to obtain her consent to a BAC test, Williams replied**

that she "already blew," and she refused to do so again. On that basis, the deputy seized Williams's driver's license.

**¶5. Williams appealed to the District Court, arguing that she had not been provided with an adequate explanation by the arresting officer that submission to a PAST pursuant to § 61-8-409, MCA, did not satisfy her obligation to submit to a BAC test pursuant to § 61-8-402, MCA. At the hearing on her appeal to the District Court, Williams testified that she had believed that she had satisfied her obligation to submit to a test for blood alcohol concentration when she submitted to the PAST.**

**¶6. The District Court found that Williams was stopped based upon the deputy's observation that she was operating her vehicle in an erratic manner. The court reviewed the audio tape of the colloquy in which Williams consented to the PAST, and the videotape taken at the police station. The court found that after questioning Williams briefly, the deputy asked her to submit to the PAST, which she did. The court found that the PAST results indicated that Williams's blood alcohol concentration was above the statutory limit, and that the deputy then placed Williams under arrest and transported her to the Eureka police station, where he read her the implied consent advisory form. The court found that the deputy**

asked Williams a number of times whether she would take the breath test to determine her BAC, and he informed her of the consequences of her refusal to do so. . . .

. . . If Williams was confused, it was through no fault of [the deputy]. [The deputy] did everything but get on his hands and knees and plead with Williams to submit to the breath test. . . . It is not necessary for law enforcement officers to engage in an extended debate with arrestees in order to convince them to do what the law requires. [The deputy] requested Williams to take a breath test at the police station to determine her BAC, and he informed her of the consequences of refusing to do so. At that point, [the deputy's] responsibility under the implied consent statute was satisfied, and Williams's refusal to comply with [the deputy's] request was at her own risk.

**¶7. The District Court concluded that a law enforcement officer asking a driver to undergo a PAST is not obligated to advise the driver that taking the PAST will not relieve the driver of having to submit to a further blood or breath test to determine**

**blood alcohol concentration under § 61-8-402, MCA. The court further concluded that any confusion on Williams's part about the necessity of submitting to a breath test or the consequences of failing to do so was not caused by any failure on the part of the deputy to adequately inform her of those facts. Williams appeals.**

## Discussion

**¶8. Did the District Court properly deny Williams's petition for reinstatement of her driver's license?**

**¶9. In reviewing a district court's denial of a petition for reinstatement of a driver's license, this Court reviews the lower court's findings of fact to determine whether they are clearly erroneous and its conclusions of law to determine whether they are correct.** *Anderson v. State Dept. of Justice* **(1996), 275 Mont. 259, 262, 912 P.2d 212, 214.**

**¶10. A hearing held under § 61-8-403, MCA, is a civil proceeding, separate and distinct from a criminal trial.** *Jess v. State, Dept. of Justice, MVD* **(1992), 255 Mont. 254, 258, 841 P.2d 1137, 1140,** *overruled on other grounds*, *Bush v. Mont. Dept. of Justice*, **1998 MT 270, 968 P.2d 716. The State's action is presumed to be correct, and the burden is upon the driver to prove that revocation of his or her license is invalid. Section 26-1-401, MCA;** *Gentry v. State, Dept. of Justice* **(1997), 282 Mont. 491, 494-95, 938 P.2d 693, 695.**

**¶11. During a hearing under § 61-8-403, MCA, the issues to be considered are limited to whether:**

(i) a peace officer had reasonable grounds to believe that the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol, drugs, or a combination of the two and the person was placed under arrest for violation of 61-8-401;

(ii) the person is under the age of 21 and was placed under arrest for a violation of 61-8-410;

(iii) the officer had probable cause to believe that the person was driving or in actual physical control of a vehicle in violation of 61-8-401 and the person was involved in a motor vehicle accident or collision resulting in property damage, bodily injury, or death; and

(iv) the person refused to submit to one or more tests designated by the officer.

Section 61-8-403(4)(a), MCA. Subsection (b) of § 61-8-403(4), MCA, provides that, "[b]ased on the above issues and no others, the court shall determine whether the petitioner is entitled to a license or whether the petitioner's license is subject to suspension or revocation."

**¶12. Williams argues that her refusal to submit to the BAC test should be excused under an extension of the "confusion doctrine." This Court has recognized the existence of the confusion doctrine in relation to a driver's refusal to submit to a breath test after having been informed of his or her *Miranda* rights. The doctrine states that, in those circumstances, confusion may lead the driver to believe that he or she has a right to an attorney before deciding whether to submit to a test; therefore, a refusal to submit to a BAC test after being informed of *Miranda* rights may be excused under the confusion doctrine. *See Gentry,* 282 Mont. at 495-96, 938 P.2d at 696; *Blomeyer v. State* (1994), 264 Mont. 414, 871 P.2d 1338.**

**¶13. Williams recognizes that the type of confusion discussed in *Gentry* and *Blomeyer* does not exist in this case. The videotape demonstrates that Williams was not advised of her *Miranda* rights until after she refused to take the BAC test. The confusion which Williams is arguing she suffered is confusion as to whether she was truly required to take a second breath test when the deputy asked her to do so. She has not provided this Court with a citation to any decision from Montana or any other jurisdiction which discusses the type of confusion she is asserting here. Without further support, we decline to adopt and extend the confusion doctrine in the manner which Williams requests.**

**¶14. Williams also argues to this Court that due process requires that an explanation be given to a driver stopped on suspicion of DUI that one provision of Montana law**

requires the driver to submit to a PAST and another, separate, provision requires the driver to submit to a BAC test. As the State points out, this due process argument was not raised below.

¶15. Rule 2(a), M.R.App.P., provides that "[u]pon appeal from a judgment in a civil case, the court may review the verdict or decision, and any intermediate order or decision excepted or objected to within the meaning of Rule 46 of the Montana Rules of Civil Procedure." Theories of law not presented at trial will not be heard on appeal. *Kapner, Wolfberg & Assoc. v. Blue Cross* (1995), 270 Mont. 283, 286, 891 P.2d 530, 532. Because Williams failed to challenge the revocation of her driver's license on due process grounds in the District Court, we decline to consider that argument on appeal.

¶16. The District Court's findings address the applicable issues from subsections (i) through (iv) of § 61-8-403(4)(a), MCA. The court's findings establish that the deputy had reasonable grounds to believe that Williams was driving upon a public way while under the influence of alcohol or drugs when he arrested her for DUI. The court's findings further establish that Williams refused to submit to the BAC test designated by the deputy at the Eureka police station. The findings are supported by substantial evidence and are not otherwise clearly erroneous.

¶17. The District Court concluded that Williams failed to prove by a preponderance of the evidence that her refusal to submit to a test of her blood alcohol concentration was legally justified. After reviewing the record, we hold that the District Court's conclusion was correct.

¶18. We affirm the judgment of the District Court.

/S/ J. A. TURNAGE

We concur:

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

No

/S/ W. WILLIAM LEAPHART