No. 99-644

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 25

IN RE THE DRIVER'S LICENSE

SUSPENSION OF

DARRYL McKENZIE,

Petitioner and Appellant.

APPEAL FROM: District Court of the Tenth Judicial District,

In and for the County of Fergus,

The Honorable Roy C. Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Torger Oaas, Attorney at Law, Lewistown, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Carol Schmidt,

Assistant Attorney General, Helena, Montana

Thomas P. Meissner, Fergus County Attorney, Lewistown, Montana

Submitted on Briefs: October 12, 2000
Decided: February 15, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Darryl McKenzie appeals from the Order Denying Petition to Reinstate Driver's License issued by the Tenth Judicial District Court, Fergus County. McKenzie contends that the District Court erred when it denied his petition to reinstate his driver's license. We affirm.

BACKGROUND

¶2 On May 2, 1999, at 2:55 a.m., Officer Edward McLean of the Lewistown Police Department stopped Darryl McKenzie for driving 36 miles per hour in a 25 mile per hour speed zone. While speaking to McKenzie, Officer McLean smelled the odor of alcohol on his breath and asked him to step out of his vehicle. Officer McLean noticed that his eyes were bloodshot and watery and his speech was slurred. Suspecting that McKenzie had been driving under the influence of alcohol, Officer McLean asked McKenzie if he would submit to a preliminary alcohol screening test-specifically a portable breath test. McKenzie refused. Officer McLean read an implied consent advisory to McKenzie, informing him of the consequences of refusal and again asked him whether he would submit to a test.[1] McKenzie refused again. Officer McLean placed McKenzie under arrest for DUI and transported him to the police station.

¶3 At the police station, Officer McLean read the Montana Department of Justice Implied Consent Advisory to McKenzie and requested that McKenzie submit to a blood test. Officer McLean erroneously informed McKenzie that his license could be suspended for six months for refusing the portable breath test in the field and an additional six months for refusing the blood test at the police station. *See* § 61-8-409(6), MCA (providing that the refusal of a preliminary alcohol screening test and a blood test during the same incident may not be considered as two separate refusals for purposes of revocation or suspension of driving privileges). McKenzie refused to submit to a blood test.

¶4 On May 17, 1999, McKenzie filed a petition requesting a hearing on the suspension of his driver's license. The District Court held a hearing on August 31, 1999, at the conclusion of which it denied McKenzie's petition. On September 30, 1999, the court issued an order and supporting memorandum denying McKenzie's petition for

reinstatement. McKenzie appeals.

## STANDARD OF REVIEW

¶5 In reviewing a district court's denial of a petition for reinstatement of a driver's license, we review the lower court's findings of fact to determine whether they are clearly erroneous and its conclusions of law to determine whether they are correct. *Williams v. State*, 1999 MT 5, ¶ 9, 293 Mont. 36, ¶ 9, 973 P.2d 218, ¶ 9.

## DISCUSSION

¶6 Did the District Court err when it denied McKenzie's petition to reinstate his driver's license?

¶7 McKenzie contends that Officer McLean failed to comply with the requirements of § 61-8-409(3), MCA, by asking McKenzie whether he would submit to a portable breath test prior to reading McKenzie the required advisory. McKenzie acknowledges that Officer McLean subsequently advised him of his right to refuse and the consequences of refusal and again asked him to submit to a portable breath test, but McKenzie insists that this was too late to cure the statutory violation.

¶8 The State agrees that McKenzie's first refusal was invalid and could not be used as a basis to suspend McKenzie's license because it was made before Officer McLean informed McKenzie of the consequences of refusal. However, the State maintains that once Officer McLean informed McKenzie of the consequences of refusal, McKenzie's subsequent refusal to submit to a portable breath test was valid and, therefore, the court had the right to suspend or revoke his license for up to one year.

¶9 In a hearing on a petition to challenge a license suspension held pursuant to § 61-8-403, MCA, the district court may determine whether the person whose license was suspended refused to submit to one or more tests designated by the officer. Section 61-8-403(4)(a)(iv), MCA. Pursuant to § 61-8-409, MCA, a person who operates a vehicle upon public ways of the state of Montana is deemed to have given consent to a preliminary alcohol screening test of the person's breath, and refusal to submit will result in the suspension or revocation of that person's driver's license for up to one year. Section 61-8-409(3), MCA, provides that "[t]he peace officer shall inform the person of the right to refuse the test and that the refusal to submit to the preliminary alcohol screening test will result in the

suspension or revocation for up to 1 year of that person's driver's license."

¶10 We agree that McKenzie's initial refusals which occurred prior to being informed of both his right to refuse and the consequences of refusal are insufficient cause to suspend his license. Section 61-8-409(3), MCA, specifically requires that an officer inform the person stopped of the right to refuse and the consequences of refusal. Obviously, in order for this provision to be meaningful, notice of the right to refuse and the consequences of refusal must proceed the refusal itself. However, Officer McLean complied with § 61-8-409(3), MCA, by providing McKenzie with the requisite information and again asking McKenzie to submit to a test. McKenzie's refusal thereafter was sufficient cause to suspend his driver's license. Therefore, the District Court correctly concluded that McKenzie's license was properly suspended.

¶11 McKenzie also contends that the court should have granted his petition to reinstate his driver's license because at the police station Officer McLean misinformed him of the consequences for refusing a blood test. Both parties acknowledge that Officer McLean misinformed McKenzie that, because McKenzie had refused to submit to a portable breath test in the field, his subsequent refusal of a blood test could cause him to lose his license for one year-six months for each refusal. Pursuant to § 61-8-409(6), MCA, the refusal of a preliminary alcohol screening test and a blood test during the same incident may not be considered as two separate refusals for purposes of revocation or suspension of driving privileges. McKenzie argues that Officer McLean, by stating a greater penalty for refusal than provided by law, was unlawfully attempting to coerce him into consenting to submit to a blood alcohol test.

¶12 We decline to address the merits of this claim. McKenzie's refusal to submit to a portable breath test in the field after being informed of his right to refuse and the consequences of refusal is sufficient cause to suspend his license for six months. *See* §§ 61-8-409(4) and -402(6)(a), MCA.

¶13 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

1. McKenzie insists that Officer McLean asked him twice whether he would submit to a breath test before reading McKenzie the implied consent advisory. We have listened to an audiotape of McKenzie's arrest and disagree. Furthermore, whether Officer McLean asked McKenzie once or twice prior to reading McKenzie the implied consent advisory is irrelevant to our holding.