No. 03-415

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 92N

In the Matter of Suspension of the Driving Privilege of

DOUGLAS ALMORE ALEXANDER,

Petitioner and Appellant.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
                 In and for the County of Gallatin, Cause No. DV 2002-330
                 The Honorable Mike Salvagni, Judge presiding.

COUNSEL OF RECORD:

            For Appellant:

                 Karl P. Seel, Attorney at Law, Bozeman, Montana

            For Respondent:

                 Hon. Mike McGrath, Montana Attorney General, Robert Stutz, Assistant
                 Attorney General, Helena, Montana; Marty Lambert, Gallatin County
                 Attorney, Eric Kitzmiller, Deputy Gallatin County Attorney, Bozeman,
                 Montana

                                        Submitted on Briefs:  March 16, 2004

                                        Decided:  April 13, 2004

Filed:

            _____
                              Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Douglas Almore Alexander appeals an order of the District Court for the Eighteenth Judicial District, Gallatin County, denying Alexander's petition challenging the denial of his driving privileges.  We affirm.

¶3      We address the following issue on appeal:  Whether the District Court erred in denying Alexander's petition challenging the denial of his driving privileges.

**Factual and Procedural Background**

¶4      On June 2, 2002, Deputy Alex Fuller of the Gallatin County Sheriff's Department observed a vehicle weaving back and forth while driving down the middle of the road. Deputy Fuller stopped the vehicle and initiated a DUI investigation by administering various field sobriety tests to Alexander, the driver of the vehicle.  Deputy Fuller also asked Alexander to submit to a preliminary breath test (PBT).  Deputy Fuller read the non-commercial implied consent advisory to Alexander, thus Alexander was aware of the consequences of his refusal to take the PBT.  Nevertheless, Alexander refused to take the PBT.

2

¶5      After arresting Alexander and transporting him to the Gallatin County Detention Center, Deputy Fuller asked Alexander to submit to an intoxilyzer test. Deputy Fuller again read Alexander the non-commercial implied consent advisory. Deputy Fuller also indicated to Alexander that a laminated copy of the non-commercial advisory was located on the desk in front of him if Alexander wanted to follow along while Deputy Fuller read the advisory. Once again, even though Alexander was aware of the consequences of his refusal to take the test, he refused. Alexander does not dispute that Deputy Fuller provided the proper advisories regarding the intoxilyzer test.

¶6      After Alexander refused to perform the breath tests, Deputy Fuller suspended his license and provided him with a form giving notice of the suspension. However, the form that Deputy Fuller completed and provided to Alexander was for suspension of a commercial driver's license. Deputy Fuller later testified that both the commercial and non-commercial forms are kept in the same drawer at the detention center and that he inadvertently grabbed the wrong one.

¶7      A few weeks later, after employees of the Motor Vehicle Department realized that they had been sent the wrong form, they sent Deputy Fuller a blank copy of the correct, non-commercial form for him to complete. He completed the correct form, referencing only that Alexander refused to submit to a PBT, and returned it to the Motor Vehicle Department. Both on the form and at the subsequent hearing on Alexander's petition, Deputy Fuller certified to the accuracy of the information on the corrected form.

¶8    While this form typically has duplicate copies attached, the one provided by the Motor Vehicle Department had no duplicates. Consequently, when Deputy Fuller completed the form, there was no duplicate copy to send to Alexander and, as Deputy Fuller later testified, it did not occur to him to provide a copy of the corrected form to Alexander. As a result, Alexander did not receive a copy of the corrected form until the day of the hearing.

¶9    Alexander filed a petition challenging the suspension of his driving privileges on June 14, 2002. Thereafter, the District Court ordered that the suspension of Alexander's driving privileges be stayed pending determination of Alexander's petition. After a hearing and briefing, the District Court denied the petition, lifted the stay and reinstated the action against Alexander ordering that he surrender his driver's license. Alexander appeals from this adverse ruling.

**Discussion**

¶10    *Whether the District Court erred in denying Alexander's petition challenging the denial of his driving privileges.*

¶11    Alexander argues that his driver's license should be reinstated because the notice he received regarding the suspension of his license related to commercial vehicles and he was not driving a commercial vehicle. He also argues that the notice was not certified.

¶12    We review a district court's findings of fact on the denial of a petition for reinstatement of a driver's license to determine whether those findings are clearly erroneous. *Kleinsasser v. State*, 2002 MT 36, ¶ 9, 308 Mont. 325, ¶ 9, 42 P.3d 801, ¶ 9 (citations

4

omitted). We then review the court's conclusions of law to determine whether they are correct. *Kleinsasser*, ¶ 9. Furthermore, "[b]ecause a presumption of correctness attaches to the State's act of suspending or revoking a driver's license, the driver bears the burden of proving that the suspension or revocation of a driver's license was improper." *Kleinsasser*, ¶ 10 (quoting *Hulse v. State, Dept. of Justice*, 1998 MT 108, ¶ 14, 289 Mont. 1, ¶ 14, 961 P.2d 75, ¶ 14).

¶13 During a hearing to reinstate driving privileges, the issues to be considered are limited to whether:

> (i) a peace officer had reasonable grounds to believe that the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol, drugs, or a combination of the two and the person was placed under arrest for violation of 61-8-401;
> (ii) the person is under 21 years of age and was placed under arrest for a violation of 61-8-410;
> (iii) the officer had probable cause to believe that the person was driving or in actual physical control of a vehicle in violation of 61-8-401 and the person was involved in a motor vehicle accident or collision resulting in property damage, bodily injury, or death; and
> (iv) the person refused to submit to one or more tests designated by the officer.

Section 61-8-403(4)(a), MCA. "Based on the issues in subsection (4)(a) *and no others,* the court shall determine whether the petitioner is entitled to a license or whether the petitioner's license is subject to suspension or revocation." Section 61-8-403(4)(b), MCA (emphasis added).

¶14 Based on the foregoing, the only issue presented by Alexander that is appropriate for review is whether the State properly suspended his driver's license. The fact that Alexander

5

received the wrong notice form--*i.e.*, the commercial vehicle form rather than the non-commercial vehicle form--is irrelevant to whether suspension of his license was proper under § 61-8-403(4)(a), MCA. We refused to address a similar claim in *In re McKenzie*, 2001 MT 25, ¶ 12, 304 Mont. 153, ¶ 12, 19 P.3d 221, ¶ 12, wherein we stated that the "refusal to submit to a portable breath test in the field after being informed of [the] right to refuse and the consequences of refusal is sufficient cause to suspend [McKenzie's] license . . . ."

¶15   The question of whether the State properly suspended Alexander's driver's license is resolved by the facts of record. Alexander concedes that he was driving the vehicle; that he was properly stopped; that he was read the non-commercial implied consent advisories; that he understood the consequences of those advisories; and that he refused to take the PBT after being read the implied consent advisories. Pursuant to § 61-8-403(4)(a)(iv), MCA, those are the exact circumstances under which the State may properly suspend a driver's license. Events subsequent to Alexander's refusal cannot affect the validity of his arrest and the revocation of his driving privileges.

¶16   Accordingly, we hold that the District Court correctly denied Alexander's petition challenging the denial of his driving privileges.

¶17   Affirmed.


                                                    /S/ JAMES C. NELSON


We Concur:

6

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART