FILED

05/09/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0598

DA 22-0598

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 81N

WILLIAM DEE BOYCE,

      Petitioner and Appellant,

  v.

STATE OF MONTANA, DEPARTMENT
OF MOTOR VEHICLES,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Tenth Judicial District,
                   In and For the County of Fergus, Cause No. DV-2022-41
                   Honorable Heather Perry, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Torger S. Oaas, Attorney at Law, Lewistown, Montana

      For Appellee:

           Austin Knudsen, Montana Attorney General, Brent Mead, Deputy
           Solicitor General, Helena, Montana

           Emily Jones, Special Assistant Attorney General, Jones Law Firm,
           PLLC, Billings, Montana

                            Submitted on Briefs:  April 12, 2023

                                   Decided:  May 9, 2023

Filed:

                            _____
                                  Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      William Boyce (Boyce) appeals from an Order Dismissing Petition issued by the Tenth Judicial District Court on August 11, 2022, and an Order Denying Petitioner's Motion Under Rule 59(e) M. R. Civ. P. issued by the court on September 20, 2022. We affirm.

¶3      On April 17, 2020, Idaho State Police issued Boyce a citation for speeding on Interstate I-15. Boyce was set to appear before the District Court of the Seventh Judicial District of the State of Idaho on April 27, 2020. He never posted bond, never appeared before the court, and never attempted to contact the court. On June 19, 2020, the court entered a Default Judgment (Infraction) against Boyce and mailed a copy to his Montana address on the same day.

¶4      On April 16, 2022, Montana Division of Motor Vehicles (MVD) declared Boyce a Habitual Traffic Offender and suspended Boyce's driver's license until April 4, 2025. MVD determined that Boyce accumulated 30 conviction points within the past three years: six points from an October, 17, 2019 conviction; twenty-one points from seven speeding violations over the three-year period; and three points from the April 17, 2020 speeding citation in Idaho and the resulting June 19, 2020 conviction issued by an Idaho court.

2

¶5     On April 18, 2022, Boyce filed a petition challenging his Habitual Traffic Offender designation.  According to Boyce, under § 61-5-213, MCA, the June 19, 2020 traffic conviction that followed the April 17, 2020 speeding citation in Idaho should not have counted on his record.  He petitioned the District Court to find that the Infraction issued by the Clerk of the Seventh Judicial District, County of Jefferson, State of Idaho, was not a valid order of conviction under Idaho law.

¶6     On August 9, 2022, the District Court held a hearing on Boyce's petition.  At the close of the hearing, Boyce moved for an order granting a stay of his designation as a Habitual Traffic Offender and a suspension of his driver's license pending appeal.  The court denied that motion.

¶7     On August 11, 2022, the District Court issued an order dismissing Boyce's petition.  The court concluded that the definitions of "conviction" under § 61-5-213, MCA, did not exclude the June 19, 2020 traffic conviction.  Section 61-5-213(2) and (3), MCA, specifically includes "an adjudication of guilt that has not been vacated by the appropriate court; [and] a determination that person has violated or failed to comply with the law in a court of original jurisdiction or by an authorized administrative tribunal" as definitions of conviction.

¶8     On August 22, 2022, Boyce filed a motion pursuant to M. R. Civ. P. 59(e) to alter or amend the District Court's August 11, 2022 order.  Boyce contended that the court failed to properly apply judicial notice of law, under M. R. Evid. 202(c) and (d), by regarding the June 19, 2020 Infraction as a valid conviction under Idaho law.  On September 20, 2022, the District Court issued an order denying Boyce's motion.  The court determined its use

of discretionary or mandatory judicial notice under M. R. Evid. 202(c) and (d), respectively, in its August 11, 2022 order had no bearing on the court's legal analysis. Section 61-11-207, MCA, states that "[a] certified driving record is evidence that the person was convicted of each offense shown in the record." The court observed that MVD "showed" the Idaho offense at issue in this matter in the certified driving record it maintained on Boyce.

¶9 The District Court ruled that MVD lacked the authority to second guess or otherwise reject decisions by Idaho authorities, noting that MVD had a duty to accurately report the information it received from Idaho.

¶10 This Court reviews the lower court's findings of fact to determine whether they are clearly erroneous and its conclusions of law to determine whether they are correct. *Williams v. State*, 1999 MT 5, ¶ 9, 293 Mont. 36, 973 P.2d 218.

¶11 Boyce does not contest that MVD maintained an accurate record of the information it received related to his citations and convictions. Pursuant to § 61-11-210(3), MCA, the petitioner challenging their declaration as a Habitual Traffic Offender has the burden of proving that MVD's actions are invalid or that its records are erroneous. It follows that Boyce failed to satisfy his burden of proof with respect to proving that MVD took an invalid action or maintained erroneous records.

¶12 MVD fulfilled its record-keeping requirements under § 61-11-204, MCA. Pursuant to § 61-11-204, MCA:

> (1) If the records maintained by the department show that a person's driving record brings the person within the definition of a habitual traffic offender, the department shall:

4

> (a) declare the person a habitual traffic offender;
> (b) revoke the person's driver's license or driving privileges as provided in 61-11-211; and
> (c) notify the person in writing of the declaration and revocation.

Here, MVD received record of Boyce's June 19, 2020 traffic conviction from Idaho, listed that conviction in the certified driving record it maintained on Boyce, and properly tallied the points from that conviction (and the underlying citation) when evaluating whether Boyce qualified as a Habitual Traffic Offender.

¶13 MVD did not err by incorporating Boyce's June 19, 2020 traffic conviction from Idaho into his certified driving record. MVD is tasked with listing the information it receives on an individual's driving performance, such as convictions, in that driver's certified driving record. *See* § 61-11-204, MCA. A conviction under § 61-5-213(3), MCA, includes "a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or by an authorized administrative tribunal." The Infraction, which explicitly stated that Boyce failed to comply with Idaho law, constitutes such a conviction.[1]

---

[1] Montana is required to give full faith and credit to each conviction rendered by Idaho. *State v. Barrett*, 2015 MT 303, ¶ 12, 381 Mont. 299, 358 P.3d 921. In *Barrett*, the defendant argued that the Montana district court erred by giving full faith and credit to his DUI conviction but not to Idaho's restatement of the number of prior DUIs for enhancement purposes. *Barrett*, ¶ 10. We rejected his argument and concluded that "Montana courts . . . must give full faith and credit to the Idaho judgment, but may enforce it according to Montana's statutory scheme[.]" *Barrett*, ¶ 12.

Here, Montana must also give full faith and credit to the Infraction but may subject Boyce to the corresponding penalties set forth under Montana law. Furthermore, unlike in *State v. Cleary*, 2012 MT 113, 365 Mont. 142, 278 P.3d 1020, where we recognized that South Dakota law provided for an expungement of a charge—precluding it from being counted as a previous conviction for sentence enhancement purposes, Boyce points to no discrepancy between the laws of Idaho and Montana that would preclude the Infraction from constituting an offense on Boyce's certified driving record.

¶14 The District Court correctly applied Montana law in its August 11, 2022 order and September 20, 2022 order. The Idaho Infraction—a determination by an Idaho court that Boyce violated Idaho law—constituted a conviction under Montana law. *See* § 61-5-213(3), MCA. MVD did not take an invalid action or maintain erroneous records by documenting that conviction, including that conviction in Boyce's certified driving record, or factoring that conviction into its Habitual Traffic Offender calculation. *See* § 61-11-207, MCA. Boyce's challenge to the validity of the Idaho Infraction cannot be adjudicated in the district courts of the State of Montana. *See* § 3-5-312, MCA.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶16 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JIM RICE
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON

6